**MALI ZHANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–76299.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 22, 2009.

Mali Zhang, Alhambra, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument, and therefore Cachay–Soriano's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., John S. Hogan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Mali Zhang, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determination that Zhang's asylum application was untimely because that finding is based on disputed facts. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir.2007) (per curiam) (exercising jurisdiction to consider one-year bar determination where facts were undisputed).

** This disposition is not appropriate for publication and is not precedent except as provid-

Substantial evidence supports the IJ's adverse credibility determination, because Zhang was unable to explain a material discrepancy in her testimony regarding when she was arrested and sent to a labor camp. *See Don v. Gonzales*, 476 F.3d 738, 741–43 (9th Cir.2007); *see also Li*, 378 F.3d at 962–64 (concluding that so long as one of the identified grounds underlying a negative credibility finding goes to the heart of petitioner's claim, the court is bound to accept the negative credibility finding). Accordingly, Zhang's withholding of removal claim fails.

Because Zhang's CAT claim is based on the same evidence that the IJ found not credible, and she does not point to any other evidence showing it is more likely than not that she would be tortured in China, her CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**